**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:26-CV-341-JHM**

**DARNELL SMITH** **PETITIONER**

**v.**

**SHANNON BUTRUM** **RESPONDENT**

# MEMORANDUM OPINION

Petitioner Darnell Smith filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. (DN 1). The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Smith to show cause why his petition should not be dismissed as time-barred under the applicable one-year statute of limitations. (DN 7). Smith did not file a response to the Court's Show Cause Order. For the reasons set forth below, the Court will dismiss the petition as untimely.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the petition, Smith was convicted of three counts of first-degree robbery, one count of first-degree burglary, one count of second-degree fleeing, and two counts of third-degree terroristic threatening in the Jefferson County Circuit Court on May 4, 2015, and was sentenced to 25 years' incarceration. He filed an appeal, and the Kentucky Supreme Court affirmed his conviction on June 15, 2017.

The petition reflects that Smith filed a Kentucky Rule of Criminal Procedure (RCr) 11.42 motion on November 9, 2017, which he states was denied on June 7, 2019. Smith later filed a motion under Kentucky Rule of Civil Procedure (Ky. R. Civ. P.) 60.02 to vacate the judgment or sentence on August 9, 2022. He does not indicate the date of the circuit court's denial. The

Kentucky Court of Appeals affirmed the circuit court's decision on May 9, 2025. Smith filed the instant § 2254 petition on May 6, 2026.[1]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Here, the date which begins the running of the one-year limitations period is the date Smith's conviction became final. After Smith was convicted on May 4, 2015, he appealed, and the Kentucky Supreme Court affirmed his conviction on June 15, 2017. He had 90 days, *i.e.*, on or before September 13, 2017, to file a petition for writ of certiorari to the United States Supreme

[1] Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

Court. Sup. Ct. R. 13.1. Although Smith did not file a petition for writ of certiorari, the 90-day period in which he could have done so tolled the one-year time limit under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

Therefore, Smith's conviction became final on September 13, 2017, and he had until September 13, 2018, to file his § 2254 petition or to file a time-tolling "application for State post-conviction or other collateral review." According to the petition, Smith filed a post-conviction RCr 11.42 motion on November 9, 2017. Between the date that Smith's conviction became final and the date he filed his RCr 11.42 motion, 57 days had elapsed. The statute of limitations was tolled during the pendency of his RCr 11.42 motion. It started to run again on June 7, 2019, when the state court denied his RCr 11.42 motion. From that date, Smith had 308 days remaining on the one-year statute of limitations to file his § 2254 petition in this Court. In other words, Smith had 308 days, or until April 10, 2020, to file a timely § 2254 petition. Smith did not file the instant § 2254 petition until May 6, 2026, over six years after the expiration of the statute of limitations.

The petition reflects that Smith filed a subsequent post-conviction motion pursuant to Ky. R. Civ. P. 60.02 on August 9, 2022. However, filing a post-conviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). As the Sixth Circuit held, "[t]he tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). To hold otherwise would be to eviscerate the AEDPA's purpose of ensuring finality of state court judgments. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (observing that the AEDPA's time bar "quite plainly serves the

well-recognized interest in the finality of state court judgments" and "reduces the potential for delay on the road to finality") (citing *Duncan v. Walker*, 533 U.S. 167, 179 (2001)). Smith filed his Ky. R. Civ. P. 60.02 motion on August 9, 2022, more than two years after the statute of limitations expired. By the time he filed that motion, there was nothing left of the federal habeas one-year statute of limitations to toll. Therefore, Smith's § 2254 petition seeking a writ of habeas corpus from this Court is time-barred and subject to summary dismissal.

Section 2254's statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *Moss v. Miniard*, 62 F.4th 1002, 1010 (6th Cir. 2023). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* (citing *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)) (quotation marks omitted). A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Carlisle v. Burt*, No. 20-1983, 2021 WL 1400900, at *2 (6th Cir. Jan. 12, 2021). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)); *see also Carlisle*, 2021 WL 1400900, at *2.

Before dismissing the petition as time-barred, the Court provided Smith with an opportunity to respond to show cause why he is entitled to equitable tolling. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). However, Smith failed to respond to the Court's Show Cause Order or to otherwise meet his burden in establishing that he satisfies the elements required for equitable tolling. Therefore, the Court finds that equitable tolling is not appropriate in this case.

For these reasons, the Court concludes that this petition is untimely. By separate Order, the Court will dismiss this action.

## III. CERTIFICATE OF APPEALABILITY

In the event that Smith appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: November 2, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4414.015